NO. 07-08-0118-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 11, 2008
______________________________

AGAPITO HERNANDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 33,020-C; HONORABLE ANA ESTEVEZ, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK
MEMORANDUM OPINION
          Appellant Agapito Pete Hernandez appeals his conviction for driving while
intoxicated. The certification of right of appeal executed by the trial court states that
“defendant has waived the right of appeal.” By letter dated May 20, 2008, this Court
notified appellant that the appeal was subject to dismissal based on the certification unless
the Court received an amended certification providing the right of appeal or counsel
provided other grounds for continuing the appeal. No amended certification was received
during the time we allotted, nor has appellant informed us of any other grounds for
continuing the appeal. Accordingly, we dismiss the appeal pursuant to Texas Rule of
Appellate Procedure 25.2(d).
 
 
                                                                           James T. Campbell

                                                                                     Justice





Do not publish. 




 of the trial court is affirmed.



 Don H. Reavis

 Justice


1. Grunauer served her 84 year old mother with a subpoena as well. However,
Grunauer did not object at trial to Difilippo's motion to quash that subpoena, and she raises
no issue on appeal with respect to the trial court's granting of the motion. 
2. We recognize the right to compulsory process in a criminal case is governed by the
Code of Criminal Procedure rather than the Rules of Civil Procedure. However, neither
party has supplied, nor has our independent review uncovered, any civil case declaring the
standard of review for a trial court's grant of a motion to quash a subpoena. Because
Grunauer suggests abuse of discretion is the appropriate gauge, and because we discern
no reason in law or logic not to utilize it, we will review the trial court's actions under that
standard.